564 F.2d 287
 Macario MARTINEZ, Individually and on behalf of all other
persons similarly situated, Plaintiff-Appellant,
v.
F. David MATHEWS, as Secretary of Health, Education and
Welfare, Defendant-Appellee.
 No. 76-3265.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 7, 1977.
 
 Robert B. Gillan, Los Angeles, Cal., for plaintiff-appellant.
 Robert L. Brosio, U.S. Atty., Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before TRASK, WALLACE and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Macario Martinez, a native and citizen of Mexico, illegally entered the United States in 1934 and resided here continually from 1934 to 1960. During this period he was employed, and contributions were made on his behalf to the Social Security System. In 1960 he was convicted for working without a passport and was subsequently deported. He was lawfully readmitted to the United States in 1973. He was denied retirement insurance benefits under Title II of the Social Security Act for the period during which he was in Mexico under deportation. He was, however, granted retroactive benefits for the period immediately preceding deportation and payments were resumed upon his lawful reentry into this country in March 1973. He challenges the denial of benefits during the period of his deportation.
 
 
 2
 Jurisdiction of the district court was asserted pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 405(g). The issue raised is whether 42 U.S.C. § 402(h) which prohibits the payment of Social Security benefits to deported aliens, is constitutional. The district court held that the prohibition is constitutional. We affirm.
 
 
 3
 The issue appears to have been resolved in Fleming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). There, the appellee became eligible for old age benefits in November 1955. In July 1956 he was deported for having been a member of the Communist Party. Because this was one of the benefit-termination deportation grounds under 42 U.S.C. § 402(h), his benefits were terminated and notice given. He failed to obtain administrative reversal of the decision and sought relief in the district court. That court held the provision unconstitutional and the Secretary appealed directly pursuant to 28 U.S.C. § 1252.
 
 
 4
 The Supreme Court held that 42 U.S.C. § 402(h) did not deprive appellee of an "accrued property right" in benefit payments such as would make every defeasance of that right violative of the Due Process Clause of the Fifth Amendment.
 
 
 5
 "Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." 363 U.S. at 611, 80 S.Ct. at 1373.
 
 
 6
 "Nor, . . . can it be deemed irrational for Congress to have concluded that the public purse should not be utilized to contribute to the support of those deported on the grounds specified in the statute." Id. at 612, 80 S.Ct. at 1373.
 
 
 7
 Appellant's suggestion that Flemming is no longer the law does not find support in the Court's recent decisions. See Califano v. Webster, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977); Califano v. Goldfarb, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); Mathews v. Diaz, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976).
 
 
 8
 The judgment is AFFIRMED.